```
 1  STEPHEN M. HAYES (SBN 83583)
    STEPHEN P. ELLINGSON (SBN 136505)
 2  HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT, LLP
    203 Redwood Shores Pkwy., Suite 480
 3  Redwood City, CA 94065
    Telephone: 650.637.9100
 4  Facsimile: 650.637.8071

 5  Attorney for Defendant
    STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
 6
```

FILED
AUG 29 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

MEJ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| TOUFIC ANDRAOS, | CASE NO. CV 08 4141 |
|---|---|
| Plaintiff, | STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441(a) [DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and DOES 1 - 50, | |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "State Farm") hereby removes to this Court the state action described below:

1. State Farm is a defendant in the civil action commenced on July 25, 2008 in the Superior Court of the State of California, County of San Francisco, Case No. CGC-08-475961, entitled <u>Toufic Andraos v. State Farm Mutual Automobile Insurance Company</u>.

2. State Farm was served with the first served with the complaint on August 1, 2008. A copy of the First Amended Complaint ("FAC") is attached hereto as Exhibit "1" and is incorporated as part of this notice.

175353                                    -1-

**STATE FARM'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441(a) [DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL**

FAXED

3. State Farm filed its answer in State court to plaintiff's First Amended Complaint on August 29, 2008. A true and correct copy of State Farm's answer to plaintiff's First Amended Complaint is attached hereto as Exhibit "2" and is incorporated as a part of this notice of removal and removal.

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one that may be removed to this Court by State Farm pursuant to the provisions of 28 U.S.C. section 1441, subdivision (a), in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between citizens of different states.

5. The fact that the amount in controversy exceeds the minimum requirement for diversity jurisdiction can be determined by the nature of the claims and the amount and type of the damages sought in the complaint.

6. This action arose out of plaintiff's claim for underinsured motorist ("UIM") benefits under an automobile insurance policy issued by State Farm for injuries sustained in an October 2, 2002 automobile accident. (FAC, ¶¶ 6 and 9.) The insurer for the other driver paid his $15,000 limits to plaintiff, and plaintiff submitted a UIM claim to State Farm. (FAC, ¶ 15.) Plaintiff alleges he sustained serious injuries, incurred medical and hospital expenses in excess of $25,000 and could not return to work. (FAC, ¶¶ 11, 12 and 13.) While his UIM claim was pending, plaintiff contended his injury claim was worth "far in excess of his remaining UIM policy limits of $85,000. Plaintiff alleges State Farm knew his claim was worth the full policy limits yet refused to make any settlement offer for nearly three years. (FAC, ¶¶ 21-23.) Plaintiff alleges that State Farm refused to submit the dispute to UIM arbitration as required by the policy, requiring plaintiff to petition the court to compel arbitration. (FAC, ¶¶ 25 and 26.) Plaintiff alleges that State Farm's conduct caused him severe emotional distress. (FAC, ¶¶ 34.) Plaintiff also seeks general damages. These allegations in and of themselves establish the amount in controversy exceeds $75,000.

7. In addition, plaintiff seeks recovery of attorney fees as an element of his special damages on a theory that plaintiff incurred these fees to recover unreasonably withheld policy benefits. (*Brandt v. Superior Court* (1985) 37 Cal.3d 813.)

8. Plaintiff also seeks punitive damages based on an alleged course of conduct from which one can infer the punitive damage claim alone exceeds $75,000.

9. At the time of the commencement of this action, and at all times since, State Farm has been, and still is, a corporation of the State of Illinois, being incorporated under the laws of Illinois, and has had and continues to have its principal place of business in Illinois. Plaintiff Toufic Andraos has been and continues to be a citizen of the State of California, having been a resident of the State of California.

10. This action was brought in the State of California. This corporate defendant is not, at the time of the institution of this action, and is not now, a corporation incorporated under the laws of the State of California, and does not have at the time of the institution of this action, and does not have now, its principal place of business in California.

## DEMAND FOR JURY TRIAL

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY hereby demands a trial by jury.

Dated: August 29, 2008

HAYES DAVIS BONINO ELLINGSON
McLAY & SCOTT, LLP

By: /s/
STEPHEN M. HAYES
STEPHEN P. ELLINGSON
Attorneys for Defendant
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

# EXHIBIT 1

```
MICHAEL J. MANDEL, ESQ. (SBN: 42964)
1390 Market Street, Suite 310
San Francisco, CA 94102
415-626-5400 (Tel)
415-626-5420 (Fax)

Attorney for Plaintiff
Toufic Andraos
```

ENDORSED FILED
Superior Court of California
County of San Francisco

JUL 25 2008

GORDON PARK-LI, Clerk
BY: ELIZABETH ZALDIVAR
            Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO - UNLIMITED JURISD.

| | |
|---|---|
| TOUFIC ANDRAOS,<br><br>     Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and DOES 1 - 50<br><br>     Defendants. | No: CGC 08-475961<br>First Amended<br>Complaint Per CCP 472<br><br>1. Breach of Contract,<br>2. Breach of Implied Covenant of Good Faith and Fair Dealing,<br>3. Negligent Infliction of Emotional Distress, and |

FIRST CAUSE OF ACTION
Breach of Contract

1. The Plaintiff, TOUFIC ANDRAOS, at all times herein mentioned was an insured of Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter STATE FARM).

2. At all times herein plaintiff is and was an insured under State Farm Auto Policy No. C16 2368-F25-05D.

3. Plaintiff is informed and believes that Defendant STATE FARM, is a corporation and insurance carrier regulated by the California Department of Insurance, is authorized to do business in the State of California and is doing business in

1

Complaint for Damages

1  the County of San Francisco.
2  4. Plaintiff is ignorant of the true names and capacities,
3  whether individual, corporate, associate, or otherwise, of
4  defendants sued herein as Does 1 through 50, inclusive, and
5  therefore sues these defendants by such fictitious names.
6  Plaintiff will amend this complaint to allege their true names
7  and capacities when ascertained. Plaintiff is informed and
8  believes and thereon alleges that each of the fictitiously
9  named defendants are legally responsible in some manner for
10 the occurrences herein alleged, and that plaintiff's damages
11 as herein alleged were proximately caused by their conduct.
12 5. At all times herein mentioned, defendants, and each of
13 them, were the agents and employees of each of the remaining
14 defendants and were at all times acting within the purpose and
15 scope of said agency and employment, and each defendant has
16 ratified and approved the acts of his agent.
17 6. On or about **June 13, 2002**, defendants, STATE FARM, and
18 each of them, entered a contract in the County of San
19 Francisco for auto liability insurance, Policy No. C16 2368-
20 F25-05D, insuring a 1989 BMW automobile, under which the
21 plaintiff, TOUFIC ANDRAOS, was the insured. Said contract was
22 entered into by the insured owner of the said vehicle within
23 the jurisdiction of the above-entitled court.
24 7. All obligations due under said contract at all relevant
25 times herein were and have been performed by plaintiff, TOUFIC
26
27                                    2
28
------
Complaint for Damages

1  ANDRAOS.

2  8. At all times herein, plaintiff, TOUFIC ANDRAOS, was the

3  owner and operator of a certain 1989 BMW 325, bearing license

4  number 2NEU791.

5  9. On or about October 2, 2002, Plaintiff, TOUFIC ANDRAOS,

6  was traveling on E/B Market Street in San Francisco,

7  California.

8  10. At said time and place, Plaintiff was stopped for a red

9  light when his BMW was struck by a Chevrolet Astro driven by

10  Randy Marks.

11  11. As a proximate result of the negligence, carelessness

12  and recklessness of the above driver, Randy Marks, plaintiff

13  TOUFIC ANDRAOS sustained serious injuries, to his lumbar spine

14  and other body parts which caused him great pain, suffering

15  and permanent disability.

16  12. As a direct and proximate result of Plaintiff's injuries,

17  Plaintiff was unable to attend to his usual occupation, and is

18  still unable to attend to his usual occupation in the same

19  manner that he had done so prior to the accident.

20  13. As a further direct and proximate result of Plaintiff's

21  injuries, he incurred substantial medical and hospital

22  expenses in excess of $25,000.

23  14. On or about **March 3, 2004**, Plaintiff submitted an

24  Underinsured Claims Notice for benefits under said policy to

25  STATE FARM.

26

27  3

28
Complaint for Damages

07/25/2008 01:33   4156265420                 MICHAEL J MANDEL ESQ                PAGE 06/11

15. On or about **March 22, 2004**, Plaintiff settled the underlying third-party case in the sum of $15,000.00, the maximum liability coverage available to Randy Marks. Documentation was sent to STATE FARM confirming settlement of the underlying case.

16. After receipt of said claim, defendants, and each of them, breached the contract for said insurance by refusing to reasonably process the underinsured motorist claim, fairly evaluate the claim and/or refusing to reasonably pay benefits pursuant to said contract for auto liability insurance under the underinsured provision thereof.

17. On or about **June 25, 2007**, Plaintiff and STATE FARM resolved and concluded litigation regarding the above described accident. The case settled for $85,000.00, new money.

### SECOND CAUSE OF ACTION
(Breach of Implied Covenant of Good Faith and Fair Dealing)

18. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the First Cause of Action as though fully set forth herein.

19. As a result of the issuance of the subject policy Plaintiff was entitled to make a claim for the benefits of the underinsured motorist provision of said policy. Defendants, and each of them, were obligated to act fairly toward

4

Complaint for Damages

1 Plaintiff and handle his claim in good faith.

2 20. Plaintiff made timely notice of his intention to seek recovery under the underinsured motorist provision of the policy. In addition, Plaintiff provided Defendant copies of medical records and bills on or about April 2004.

21. At all times pertinent, Defendants, and each of them, well knew that the acts in question were 100% the fault of the adverse driver and that the adverse driver had an automobile policy with minimum limits (15/30k).

22. Plaintiff cooperated with Defendants, and each of them, at every stage and advised Defendants of the serious nature and extent of his injuries.

23. At all times following Defendants' first receipt of the Claim for Underinsured Benefits, Defendants, and each of them well knew that Plaintiff's claim was worth the full policy limits of $100,000.00. On numerous occasions thereafter, plaintiff requested a settlement of his claim for the policy limits, but Defendants, at all times, refused to make any type of reasonable settlement offer.

24. Between March 3, 2004 and June 2007, Defendants, and each of them, continued to refuse to make any type of reasonable settlement offer despite being provided with Plaintiff's medical records, engaging in written discovery, and having taken the depositions of Plaintiff and his treating doctor.

25. Between September of 2006 and June of 2007, Defendants,

5

Complaint for Damages

and each of them, ignored Plaintiff's request to select a neutral arbitrator and schedule a binding arbitration hearing or in the alternative a Mediation Hearing.

26. On April 27, 2007, Plaintiff filed and served a Motion to Compel Arbitration with the San Francisco Superior Court. Defendants did not file any opposition to said Motion and at the hearing on June 1, 2007, the Court ordered Defendants and each of them to pay sanctions for failure to Arbitrate this matter.

27. Finally on **June 25, 2007**, Defendants agreed to pay Plaintiff the sum of $85,000.00.

28. In handling Plaintiff's claim, as herein alleged, Defendants willfully acted in bad faith by unduly delaying the settlement, refusing to Arbitrate the claim as required by the terms of its own policy of insurance and forcing plaintiff to file the aforesaid motion to compel arbitration.

29. As a direct and proximate result of Defendants' bad faith handling of Plaintiff's claim as herein mentioned, Plaintiff has suffered mental and emotional distress, anger, depression and frustration, all to his general damage in an amount in excess of the minimum jurisdiction of the Superior Court - Unlimited Jurisdiction.

30. As a further direct and proximate result of Defendants handling of Plaintiff's Underinsured Motorist Claim as alleged herein, Plaintiff was deprived of the use of the money

6

1  ultimately realized in the settlement for a period of
2  approximately three years, all to his special damage according
3  to proof.
4  31.  Defendants and each of them, in doing the acts herein
5  alleged, acted maliciously and are guilty of wanton disregard
6  for the rights and feelings of Plaintiff, in that they knew
7  their liability under the aforemotioned claim was reasonably
8  clear, and they were also aware of the probable harmful
9  consequences to Plaintiff if they stalled settlement of the
10 claim, yet they nevertheless did so fail and refuse.  By
11 reason thereof, Plaintiff requests exemplary and punitive
12 damages in an amount in excess of the jurisdictional minimum
13 of this Court.

**THIRD CAUSE OF ACTION**
**(Negligent Infliction of Emotional Distress)**

16 32.  Plaintiff realleges and incorporates herein by reference
17 each and every paragraph contained in the First and Second
18 Causes of Action as though fully set forth herein.
19 33.  Defendants, and each of them, knew, or should have known,
20 that their failure to exercise due care in the performance of
21 the terms of the contract for auto liability insurance would
22 cause plaintiff severe emotional distress.
23 34.  As a proximate cause of Defendants' breach of contract
24 and refusal to voluntarily arbitrate and reasonably process
25 plaintiff's claim, plaintiff has suffered severe emotional

7

07/25/2008  01:33   4156265420            MICHAEL J MANDEL ESQ            PAGE  10/11

distress and mental suffering, all to his damage in an amount in excess of the jurisdictional minimum of this Court.

WHEREFORE, plaintiff prays for judgment as follows:

A.  As to the Second Cause of Action, for economic and non-economic damages according to proof, attorney's fees, punitive and exemplary damages, and for such other and further relief as the Court deems just and proper.

B.  As to the First, and Third Causes of Action, for economic and non-economic damages according to proof, and for such other further relief as the Court deems just and proper.

Dated: July 23, 2008            LAW OFFICES OF MICHAEL MANDEL

_____
Michael J. Mandel, Esq.
Attorney for Plaintiff
Toufic Andraos

8

Complaint for Damages

# EXHIBIT 2

```
 1  STEPHEN M. HAYES (SBN 83583)
    STEPHEN P. ELLINGSON (SBN 136505)
 2  HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT, LLP
    203 Redwood Shores Pkwy., Suite 480
 3  Redwood City, CA 94065
    Telephone: 650.637.9100
 4  Facsimile: 650.637.8071

 5  Attorney for Defendant
    STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
```

ENDORSED FILED
Superior Court of California
County of San Francisco

AUG 29 2008

GORDON PARK-LI, Clerk
BY: CAROLYN BALISTRERI
     Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

| | |
|---|---|
| TOUFIC ANDRAOS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and DOES 1 - 50;<br><br>　　　　Defendants. | CASE NO. CGC-08-475961<br><br>**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>FAXED |

Defendant State Farm Mutual Automobile Insurance Company, in answer to the unverified First amended Complaint of plaintiff herein, denies each and every, all and singular, the allegations of the unverified First Amended Complaint, and in this connection defendant denies that plaintiff has been injured or damaged in any of the sums mentioned in the First Amended Complaint, or in any sum, or at all as the result of any act or omission of this answering defendant.

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that said First Amended Complaint fails to state facts sufficient to constitute a cause of action against this answering defendant.

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,

175351                                   -1-
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT - CASE NO. CGC-08-475961

TOTAL P.03

1  this answering defendant alleges that at all times and places mentioned in the First Amended
2  Complaint herein, plaintiffs failed to mitigate the amount of their damages. The damages claimed
3  by plaintiffs could have been mitigated by due diligence on their part or by one acting under similar
4  circumstances. Plaintiffs' failure to mitigate is a bar to their recovery under the First Amended
5  Complaint.

6  AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON
7  FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this
8  answering defendant alleges that the injuries allegedly sustained by plaintiffs were either wholly or
9  in part caused by plaintiffs or persons, firms, corporations or entities other than this answering
10 defendant, and whose acts or omissions are imputed to plaintiffs as a matter of law.

11 AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT
12 ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,
13 this answering defendant alleges it has paid any and all amounts owed under the contract alleged in
14 the First Amended Complaint, and that defendant is entitled to offset or credit said payments against
15 plaintiff's claim for breach of contract, which bars plaintiffs' cause of action for breach of contract.

16 AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON
17 FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this
18 answering defendant alleges on information and belief that plaintiff cannot assert any of the
19 contractual claims contained in their First Amended Complaint because plaintiff materially
20 breached said contract.

21 AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON
22 FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this
23 answering defendant alleges on information and belief that the sole and proximate cause of the
24 circumstances and events complained of by plaintiff in the First Amended Complaint was due to the
25 acts or omissions of persons and entities other than this answering defendant.

26 AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT
27 ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,
28 this answering defendant alleges that said First Amended Complaint fails to state facts sufficient to

175351                                          -2-

1  constitute a claim for exemplary or punitive damages pursuant to §3294 of the Civil Code.

2        AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT
3  ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,
4  this answering defendant alleges that plaintiff's First Amended Complaint, to the extent that it seeks
5  exemplary or punitive damages pursuant to §3294 of the Civil Code, violates defendant's right to
6  procedural due process under the Fourteenth Amendment of the United States Constitution, and the
7  Constitution of the State of California, and therefore fails to state a cause of action upon which
8  either punitive or exemplary damages can be awarded.

9        AS AN NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT
10 ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,
11 this answering defendant alleges that plaintiff's First Amended Complaint, to the extent that it seeks
12 punitive or exemplary damages pursuant to §3294 of the Civil Code, violates defendant's rights to
13 protection from "excessive fines" as provided in the Eighth Amendment of the United States
14 Constitution and Article I, Section 17, of the Constitution of the State of California, and violates
15 defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments
16 of the United States Constitution and the Constitution of the State of California, and therefore fails
17 to state a cause of action supporting the punitive or exemplary damages claimed.

18       AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON
19 FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this
20 answering defendant alleges that Plaintiff has waived and is estopped and barred from alleging the
21 matters set forth in the First Amended Complaint.

22       AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
23 COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION
24 CONTAINED THEREIN, this answering defendant alleges that at all times and placed mentioned
25 in the First Amended Complaint herein, Plaintiff failed to perform certain conditions precedent that
26 were imposed upon the Plaintiff by Plaintiff's insurance contract with State Farm. The non-
27 performance of these conditions excused State Farm's obligations under the contract.
28 ///

175351                              -3-
**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT - CASE NO. CGC-08-475961**

WHEREFORE, this answering defendant prays for judgment as follows:

1. That plaintiff take nothing by way of the First Amended Complaint;
2. For costs of suit incurred herein; and
3. For such other and further relief as the Court deems just and proper.

Dated: August 29, 2008

HAYES DAVIS BONINO ELLINGSON
McLAY & SCOTT, LLP

By: _____
STEPHEN M. HAYES
STEPHEN P. ELLINGSON
Attorneys for Defendant
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

175351

-4-

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT - CASE NO. CGC-08-475961

CASE NAME: Andraos v. State Farm
ACTION NO.: CGC-08-475961

I am a citizen of the United States. My business address is 203 Redwood Shores Pkwy., Suite 480, Redwood Shores, CA 94065. I am employed in the County of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒ (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Redwood City, California.

☐ (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐ (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

Michael J. Mandel, Esq.
LAW OFFICES OF MICHAEL MANDEL
1390 Market Street, Suite 310
San Francisco, CA 94102
Telephone: 415.626.5400
Facsimile: 415.626.5420

**Attorneys for Plaintiff
TOUFIC ANDRAOS**

☒ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 29, 2008, at Redwood Shores, California.

*/s/ Abigail Bowman*
Abigail Bowman

| | |
|---|---|
| 1 | CASE NAME:   Andraos v. State Farm |
| | ACTION NO.: |

I am a citizen of the United States. My business address is 203 Redwood Shores Pkwy., Suite 480, Redwood Shores, CA 94065. I am employed in the County of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441(a) [DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL**

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒ (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Redwood City, California.

☐ (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐ (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

> Michael J. Mandel, Esq.
> LAW OFFICES OF MICHAEL MANDEL
> 1390 Market Street, Suite 310
> San Francisco, CA 94102
> Telephone: 415.626.5400
> Facsimile: 415.626.5420
>
> **Attorneys for Plaintiff**
> **TOUFIC ANDRAOS**

☒ *(Federal)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 29, 2008, at Redwood Shores, California.

*/s/ Abigail Bowman*
Abigail Bowman

-1-
**PROOF OF SERVICE**